**FILED**

**February 13, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dorothy Johnson ) | Docket No. 2015-01-0273 |
| ) | |
| v. ) | State File No. 26715-2015 |
| ) | |
| Pilgrim's Pride, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas Wyatt, Judge ) | |

---

### Affirmed and Certified as Final - Filed February 13, 2017

---

In this second appeal of this case, the employee asserts, as she did in the prior appeal, that the settlement agreement signed by her and approved by the trial court should be set aside. Following a hearing, the trial court determined the employee's claim was barred by res judicata and dismissed the case. The trial court also warned the employee that if she filed the case for a third time, the court would consider imposing sanctions. The employee has appealed. We affirm the trial court's decision and certify as final the court's order dismissing the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Dorothy Johnson, Chattanooga, Tennessee, employee-appellant, pro se

Clifford Wilson, Nashville, Tennessee, for the employer-appellee, Pilgrim's Pride, Inc.

### Memorandum Opinion[1]

Dorothy Johnson ("Employee"), a resident of Hamilton County, Tennessee, alleged an injury to her left hand arising out of her employment with Pilgrim's Pride, Inc.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

1

("Employer"). The claim was denied by Employer and, ultimately, the parties agreed to settle the case on a doubtful and disputed basis for $5,000 in consideration of Employee's release of Employer from any further liability for her injury.

The parties attended a settlement approval before the trial court on November 12, 2015. Prior to that proceeding, Employer's attorney explained the paperwork to Employee, who was representing herself. At the approval proceeding itself, the trial court confirmed that Employee understood what she was doing, had no questions for the court, and wanted to proceed. The settlement was approved, and Employee was paid the amount agreed upon.

Less than one month later, on December 9, 2015, Employee filed a motion the trial court treated as a request to set aside the settlement agreement. Employee alleged that she settled her claim under "stress, duress, and mental anguish." The trial court found that Employee had not presented sufficient justification to set aside the settlement agreement, and we affirmed. *Johnson v. Pilgrim's Pride, Inc.*, No. 2015-01-0273, 2016 TN Wrk. Comp. App. Bd. LEXIS 20 (Tenn. Workers' Comp. App. Bd. Apr. 27, 2016). Employee appealed to the Tennessee Supreme Court, and that Court dismissed the appeal as untimely on July 8, 2016.

Undeterred, Employee filed a second petition for benefit determination on August 15, 2016, seeking a recovery for the same injury. Employer responded by filing a motion to dismiss, and the trial court convened a hearing in which Employee participated. After the hearing, the trial court granted Employer's motion and dismissed the case with prejudice, finding that Employee's claim was barred by the doctrine of res judicata. The court declined to impose sanctions on Employee for filing a frivolous claim as Employer had requested. The trial court, however, cautioned Employee that, if she refiled the claim again, the court would consider imposing sanctions. Employee has again appealed.

"The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Courts rely on this doctrine to "promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id.* The doctrine is grounded in "public policy which requires an eventual end to litigation." *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976). Indeed, the doctrine has been described as a "rule of rest." *Id.*

Here, the trial court found that Employee brought the same cause of action against the same employer as was previously filed, settled, and then litigated in terms of whether the settlement should be set aside. The trial court explained that Employee had knowingly entered into the settlement agreement that fully resolved her claim, that she

2

had ample opportunity to litigate the issues pertaining to setting aside the settlement, that those issues were resolved against her, and that those matters could not be relitigated. Thus, the case was dismissed.

On appeal, Employee makes no argument or otherwise offers any explanation for how the trial court purportedly erred in dismissing the case based on the doctrine of res judicata. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel, which the law clearly prohibits us from doing. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to speculate as to how the trial court may have erred, if at all, in its application of res judicata to this record.

Moreover, we note that at an October 31, 2016 hearing addressing Employer's motion to dismiss, Employee apparently asserted that her due process rights had been violated. She makes the same assertion on appeal, but offers no basis or explanation for that assertion. In addition, Employee seems to challenge the trial court's consideration of "vocal testimony" but, again, offers no details in support of that challenge. Employee makes other general, conclusory assertions as well, such as "need more surgery on my hand and have nerve damage." She does not, however, address the basis for the trial court's decision before us. Nor does the record on appeal contain a transcript or a statement of the evidence. Thus, the totality of the evidence introduced in the trial court at the October 31, 2016 hearing, if any, is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's decision is supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

For the foregoing reasons, the trial court's decision dismissing the case is affirmed, and the court's order is certified as final.

**FILED**

**February 13, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dorothy Johnson | ) | Docket No. 2015-01-0273 |
| | ) | |
| v. | ) | |
| | ) | State File No. 26715-2015 |
| Pilgrim's Pride, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Dorothy Johnson** | X | X | | | | c/o Dorothy J. Johnson, 4902 Angela Drive, Chattanooga, TN 37410 |
| **Clifford Wilson** | | | | | X | cwilson@howardtatelaw.com |
| **Thomas Wyatt, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov